UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CONG TUAN DANG,

Petitioner,

v.

BRIAN ENGLISH,

Respondent.

CAUSE NO. 3:26-CV-177-CCB-SJF

## OPINION AND ORDER

Immigration detainee Cong Tuan Dang, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1. The respondents have answered the petition, and Dang has filed a reply. ECF 8, ECF 10. The petition is ready to be decided.

## BACKGROUND

According to the petition, Dang was born in Vietnam in 1973 and arrived in the United States as a refugee in 1985. ECF 1. In the 1990s, Dang was arrested and served jail time. He was transferred to immigration custody in 2009, and, on June 21, 2001, he was ordered removed. On January 16, 2002, the government released Dang on an Order of Supervision due to a lack of a repatriation agreement with Vietnam. On October 3, 2023, Immigration and Customs Enforcement (ICE) detained him again following an encounter with law enforcement that did not result in charges or a conviction. On January 5, 2024, ICE released Dang because Vietnam refused to accept Dang. Following

this release, Dang complied with the terms of his Order of Supervision. On September 22, 2025, ICE revoked Dang's supervised release and detained him a third time. He is presently detained at the Miami Correctional Facility.

Dang contends that Vietnam has a long history of refusing to repatriate its nationals from the United States. According to Dang, a repatriation agreement between the United States and Vietnam from 2008 and the memorandum of understanding from 2020 do not apply to Vietnamese refugees like him who entered the United States before 1995, and, further, the memorandum of understanding is not binding. He also points to *Nguyen v. Hyde*, 788 F. Supp. 3d 144, 151 (D. Mass. 2025), a recent federal case in which the government failed to demonstrate that Vietnam had recently accepted individuals who had entered the United States before 1995.

The respondent provides a declaration from an ICE official, attesting, "Since detaining [Dang], [ICE] has engaged in efforts to prepare a travel document request to the Government of Vietnam, to include the translation to Vietnamese of [Dang's] notice to appear, removal order, and his criminal history. [E]fforts to obtain a travel document from the Government of Vietnam are ongoing." ECF 8-3.

SUBJECT MATTER JURISDICTION

The respondent first argues that the court lacks subject matter jurisdiction over Dang's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Vu v. English*, No. 3:25CV999 DRL-SJF, 2026 WL 194171, 2-3 (N.D. Ind. Jan. 26, 2026) (Leichty, J.)

(discussing § 1252(b)(9) and § 1252(g)); *see also Kem v. Noem*, No. 3:25-CV-997-DRL-SJF, 2026 WL 100566, at *1 (N.D. Ind. Jan. 14, 2026) (Leichty, J.) (discussing § 1252(g)); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)), *appeal docketed* No. 26-1404 (7th Cir. Mar. 2, 2026).

<u>MERITS</u>

Regarding the merits of the petition, the respondent first argues that Dang's detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention pending execution of a removal order. However, beyond the "removal period,"[1] which for Dang ended at least two decades ago, continued detention is authorized only for certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). The Supreme Court has instructed that once removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute," though any release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility

---

[1] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Because Dang has been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable.

To start, the respondent identifies Vietnam as the only country under consideration for removal. Dang represents that he was released on Orders of Supervision in 2024 and 2003, which suggests that efforts to remove him to Vietnam failed in 2023-2024 and 2002-2003. He further represents that Vietnam has a long history of refusing to accept individuals like him who entered the United States prior to 1995, which he has supported with references to the 2008 repatriation agreement, the 2020 memorandum of understanding, and the recent judicial findings in *Nguyen v. Hyde*, 788 F. Supp. 3d 144 (D. Mass. 2025). His most recent term of detention now spans six months. The court finds that this showing suggests that Vietnam has and will refuse to accept Dang and constitutes good reason to believe that there is no significant likelihood of Dang's removal in the reasonably foreseeable future.

To rebut this showing, the respondent offers only a vague attestation that the government is continuing to work on preparing an application to obtain travel documents for Dang from Vietnam. This meager showing does not persuade the court that Dang's removal is likely to occur within the reasonably foreseeable future. It does

not explain why efforts to remove Dang will be successful now when they were unsuccessful in 2002 and in 2023. It does not explain why efforts to remove an individual, like Dang, who entered the United States before 1995 will be successful now despite the lack of prior success in removing similarly situated individuals to Vietnam and the lack of a binding applicable agreement between the United States and Vietnam. It also does not adequately explain the delay in submitting a request for travel documents to Vietnam. Though translation efforts may take some time, it remains unclear why they remain uncompleted and why the request has not been submitted after six months of detention. Consequently, the court finds Dang's removal is not reasonably foreseeable. Therefore, the respondent must release Dang.

For these reasons, the court:

(1) **GRANTS** the petition for writ of habeas corpus (ECF 1) and **ORDERS** the respondent to release Cong Tuan Dang on the same conditions of supervised release that existed before his re-detention and to certify compliance with this order by filing a notice with the court by **March 19, 2026**;

(2) **DIRECTS** the clerk to email a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure his release; and

(3) **ORDERS** that any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on March 17, 2026.

*/s/Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT